**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS WESTERN DIVISION**

| | |
|---|---|
| Elena M.,<br><br>*Plaintiff*,<br><br>*v.*<br><br>Frank J. Bisignano,<br>Commissioner of Social Security,<br><br>*Defendant*. | Case No. 3:25-cv-50288<br><br>Honorable Michael F. Iasparro |

## MEMORANDUM OPINION AND ORDER

Plaintiff Elena M. brings this action under 42 U.S.C. § 405(g) seeking remand of the decision denying her application for disability insurance benefits.[1] For the reasons set forth below, the Commissioner's decision is affirmed.

## BACKGROUND

On February 1, 2022, Plaintiff filed an application for disability insurance benefits alleging a disability onset date of May 1, 2020. R. 57. Following a hearing, an Administrative Law Judge ("ALJ") issued an unfavorable decision on July 23, 2024, finding that Plaintiff is not disabled. R. 17-27. The ALJ concluded that Plaintiff has the residual functional capacity ("RFC") to perform light work but can only "occasionally climb ladders, ropes, or scaffolds, and frequently climb ramps and stairs, balance, stoop, kneel, crouch, and crawl." R. 21 (citation modified). The ALJ found that Plaintiff can perform past relevant work as a short order cook. R. 26.

The Appeals Council denied Plaintiff's request for review on May 15, 2025, making the ALJ's decision the final decision of the Commissioner. R. 1-6; 20 C.F.R. § 416.1481. Plaintiff then filed this action seeking judicial review. Dkt. 1.

## STANDARD OF REVIEW

A reviewing court may enter judgment "affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). If supported by substantial evidence, the Commissioner's factual findings are conclusive. *Id.* The court's review of the Commissioner's findings is subject to "a very deferential standard." *Thorlton v. King*, 127 F.4th 1078, 1081 (7th Cir. 2025). When reviewing the ALJ's decision, the court's inquiry is limited to determining whether the ALJ's decision is supported by substantial evidence or resulted from an error of law. *Mandrell v. Kijakazi*, 25 F.4th 514, 515 (7th Cir. 2022).

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge for all proceedings pursuant to 28 U.S.C. § 636(c). *See* Dkt. 8.

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). "The threshold for substantial evidence 'is not high.'" *Warnell v. O'Malley*, 97 F.4th 1050, 1052 (7th Cir. 2024) (quoting *Biestek*, 587 U.S. at 103). The substantial evidence standard is satisfied when the ALJ provides "an explanation for how the evidence leads to their conclusions that is sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Warnell*, 97 F.4th at 1054 (internal quotation marks and citation omitted). To determine whether substantial evidence exists, the court reviews the record as a whole but "will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute [its] judgment for the ALJ's determination so long as substantial evidence supports it." *Id.* at 1052–53; *Beardsley v. Colvin*, 758 F.3d 834, 836 (7th Cir. 2014). Thus, "we will reverse an ALJ's decision only if the record compels a contrary result." *Thorlton*, 127 F.4th at 1081 (citation modified).

**DISCUSSION**

Plaintiff challenges the Commissioner's decision on four grounds: (1) the ALJ cherry-picked evidence in support of her decision; (2) the ALJ erred in the subjective symptom analysis; (3) the ALJ improperly relied on the outdated opinions of the state agency consultants; and (4) the ALJ limited Plaintiff to a light exertional level despite the record compelling a sedentary one. Dkt. 21. As explained in further detail below, the Court does not find that any of these alleged errors warrant remand.

1) Cherry-picking evidence

Plaintiff first argues that the ALJ cherry-picked evidence when she considered Plaintiff's knee instability, lumbar spine pain, and upper body limitations. An ALJ cherry-picks evidence if she "highlight[s] facts that support a finding of non-disability while ignoring evidence to the contrary." *Martin v. Saul*, 950 F.3d 369, 375 (7th Cir. 2020); *see also Plessinger v. Berryhill*, 900 F.3d 909, 915 (7th Cir. 2018) ("ALJs are not permitted to cherry-pick evidence from the record to support their conclusions, without engaging with the evidence that weighs against their findings."). However, "the ALJ 'is not required to spell out in the record every piece of evidence that [s]he considered and then accepted or rejected.'" *Yokosh v. Bisignano*, 170 F.4th 631, 639 (7th Cir. 2026) (quoting *Crowell v. Kijakazi*, 72 F.4th 810, 815 (7th Cir. 2023)). Ultimately, the Court finds that "this is not a case where the ALJ presented a 'skewed version of the evidence' or failed to 'minimally discuss' contrary evidence, so reversal is not warranted on this ground." *Thorlton*, 127 F.4th at 1082 (first quoting *Moore v. Colvin*, 743 F.3d 1118, 1123 (7th Cir. 2014); and then quoting *Godbey v. Apfel*, 238 F.3d 803, 808 (7th Cir. 2000)).

In reference to knee instability and lumbar spine pain, Plaintiff argues that the ALJ improperly relied on early post-operative improvement while "ignoring post-operative deterioration." Dkt. 21, at 10. However, the ALJ did recognize that Plaintiff's surgeries and other treatments "were *somewhat* helpful" and Plaintiff continued to report some pain while continuing to undergo physical therapy. R. 22-24. The ALJ just balanced these records with those showing that this reported pain regularly resolved on its own and Plaintiff's examinations routinely found no obvious signs of distress. *Id.* For example, the ALJ pointed out (accurately) that at a November 2022 follow-up appointment after her back surgery, Plaintiff reported that she was very happy with

her surgical outcome, endorsed continual improvement, and was very optimistic about her progress. R. 23 (citing R. 1066). Plaintiff continued to report she was doing well in subsequent follow up visits in January and April 2023, even indicating in April 2023 that her back pain was resolved. R. 23-24 (citing R. 1084, 1099). As it relates to knee pain and instability, the ALJ made clear she considered Plaintiff's ongoing pain and instability as well as an October 2023 surgery and subsequent physical therapy, in developing the RFC. R. 24. Plaintiff may not agree with how the ALJ balanced these findings but she "cannot prevail by arguing that the ALJ improperly weighed the evidence." *Reinaas v. Saul*, 953 F.3d 461, 466 (7th Cir. 2020); *see also Chrisman on behalf of N.R.C. v. Bisignano*, 137 F.4th 618, 624 (7th Cir. 2025) (explaining that the court must affirm an adequately supported ALJ opinion "even if reasonable minds could differ about whether the claimant is disabled"). And although the Court recognizes that Plaintiff does point to one piece of evidence that was not specifically mentioned in the ALJ's opinion (Plaintiff's reported fall after her knee arthroscopy), the Court again reiterates that the ALJ is not required to address every piece of evidence in the record. Nor is there any indication or evidence as to how that singular incident would have changed the ALJ's RFC analysis.

Moreover, Plaintiff does little to explain why she believes the record "compels a contrary result" as is required. *Thorlton*, 127 F.4th at 1081 (quoting *Deborah M. v. Saul*, 994 F.3d 785, 788 (7th Cir. 2021)); *see also Gedatus v. Saul*, 994 F.3d 893, 903 (7th Cir. 2021) ("[T]he presence of contradictory evidence and arguments does not mean the ALJ's determination is not supported by substantial evidence."). Plaintiff asserts that "this pattern of [knee] instability and falls cannot be reconciled with a light RFC," but provides no explanation for why she believes that to be true. Dkt. 21, at 10. Thus, the Court cannot conclude that any harm came from the ALJ's alleged cherry-picking. *See Morales v. O'Malley*, 103 F.4th 469, 470 (7th Cir. 2024) ("It is not enough to criticize the ALJ's decision about her functional capacity to work. [Plaintiff] must point to evidence compelling the conclusion that the adverse disability decision lacks substantial support in the record.").

Then, although Plaintiff recognizes that the ALJ acknowledged negative findings related to Plaintiff's upper extremities, she argues that the ALJ did not translate these findings into functional limitations. Dkt. 21, at 12. But "[i]t is unclear what kind of work restrictions might address [Plaintiff's upper extremity limitations] because [s]he hypothesizes none." *Jozefyk v. Berryhill*, 923 F.3d 492, 498 (7th Cir. 2019). Perhaps most tellingly, Plaintiff "did not provide any opinion from a doctor who would have imposed greater restrictions than those the ALJ found in in [her] decision" which "makes it difficult for [the Court] to find that the ALJ misjudged the evidence so significantly as to warrant reversal." *Tutwiler v. Kijakazi*, 87 F.4th 853, 860 (7th Cir. 2023); *see also Dudley v. Berryhill*, 773 Fed. App'x 838, 843 (7th Cir. 2019) (unpublished) ("When no doctor's opinion indicates greater limitations than those found by the ALJ, there is no error.").

2) Remaining Arguments

Plaintiff's remaining arguments are underdeveloped and therefore waived. *See Crespo v. Colvin*, 824 F.3d 667, 674 (7th Cir. 2016) ("Perfunctory and undeveloped arguments are waived." (citation modified)). Plaintiff draws attention to her activities of daily living and the third-party statements included in the record but points to no error in the ALJ's analysis. Dkt. 21, at 12-13. Plaintiff also asserts that the ALJ was wrong to rely on the state agency consultants' opinions as

they were outdated but she fails to explain how this alleged error led to any harm requiring remand. *Id.* at 13. Nor does Plaintiff explain why she believes the state agency consultants' opinions are so outdated as to be unreliable by pointing to "significant, new, and potentially decisive findings" that "changed the picture so much that the ALJ erred by continuing to rely on [the] outdated assessment[s]." *Stage v. Colvin*, 812 F.3d 1121, 1125 (7th Cir. 2016); *see also Baptist v. Kijakazi*, 74 F.4th 437, 443 (7th Cir. 2023) ("But when determining whether an opinion is outdated, the critical question is whether the new evidence contains 'significant and new developments' that 'reasonably' could have changed the previous reviewing consultant's assessment." (quoting *Moreno v. Berryhill*, 882 F.3d 772, 728 (7th Cir. 2018))). Without such an explanation, Plaintiff has failed to explain how the record compels a result contrary to that found by the ALJ.

Finally, Plaintiff points to evidence that, if credited, could limit Plaintiff to sedentary work. Dkt. 21, at 13-14. But the ALJ did not fully credit this cited evidence and it is not the Court's role to second-guess that decision. *See Padua v. Bisignano*, 145 F.4th 784, 790 (7th Cir. 2025) (the Court "may not reweigh the evidence or second-guess the ALJ's well-supported findings"). Moreover, evidence that may support a different conclusion than that which the ALJ reached is insufficient to warrant remand. *See Schmidt v. Astrue*, 496 F.3d 833, 842 (7th Cir. 2007) ("In other words, so long as, in light of all the evidence, reasonable minds could differ concerning whether the claimant is disabled, we must affirm the ALJ's decision denying benefits." (quoting *Books v. Chater*, 91 F.3d 972, 978 (7th Cir. 1996)); *Chrisman on behalf of N.R.C.*, 137 F.4th at 624 (same).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment is denied, and the Commissioner's motion for summary judgment is granted. The Commissioner's decision is affirmed.

Entered: September 30, 2026

By: ______________________
Michael F. Iasparro .
United States Magistrate Judge